# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-216

**ELIZABETH FALTERMAN**

**VERSUS**

**AMY SCHUNEMEYER, DPM, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 107,387
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**PHYLLIS M. KEATY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

**REVERSED AND REMANDED.**

**Patrick J. Briney**
**Hallie P. Coreil**
**Briney Foret Corry, LLP**
**Post Office Box 51367**
**Lafayette, Louisiana  70505-1367**
**(337) 237-4070**
**Counsel for Defendants/Appellants:**
      **Podiatry Insurance Company of America**
      **Amy Schunemeyer, DPM**

**Nadia de la Houssaye**
**Jones Walker LLP**
**Post Office Drawer 3408**
**Lafayette, Louisiana  70502-3408**
**(337) 593-7600**
**Counsel for Defendant/Appellant:**
      **Louisiana Patient's Compensation Fund**

**Scott H. Frugé**
**deGravelles, Palmintier, Holthaus & Frugé, L.L.P.**
**618 Main Street**
**Baton Rouge, Louisiana  70801**
**(225) 344-3735**
**Counsel for Plaintiff/Appellee:**
      **Elizabeth Falterman**

**KEATY, Judge.**

In this medical malpractice case, Elizabeth Falterman (Plaintiff),[1] filed suit against Dr. Amy Schunemeyer (Defendant), a podiatrist, alleging that the revisional bunionectomy that Defendant performed on her right foot in December 2002 was improperly performed and caused damages to her right foot and to other parts of her body, necessitating corrective surgery and leaving her with permanent physical disability and the need for further corrective surgery.[2]

After a trial, the jury determined that Defendant breached the applicable standard of care and that such breach caused or contributed to the injury to Plaintiff. The jury awarded Plaintiff $15,000 in past medical expenses. Thereafter, Plaintiff filed a motion for additur and/or new trial regarding the alleged inadequacy of the damages award. Defendant also filed a motion for new trial on the grounds that Plaintiff's counsel had attacked Dr. Schunemeyer's credibility in his rebuttal closing argument, and, because its request to present a surrebuttal closing argument was denied, Dr. Schunemeyer was "unfairly deprived of the opportunity to defend her credibility against the attack before the jury."

Following a hearing, the trial court rendered judgment denying Defendant's motion for new trial, granting Plaintiff's motion for additur, maintaining the jury's verdict, and awarding Plaintiff an additional $100,000 for past and future pain and suffering, $75,000 for past and future mental pain and suffering, and $75,000 for past and future loss of enjoyment of life. The judgment cast Defendant with liability for $100,000 of Plaintiff's damages and the Louisiana Patient's

---

[1] Although Plaintiff got married and changed her last name to Gondron before this matter went to trial, she will be referred to as "Ms. Falterman" in this opinion.

[2] The petition also named Dr. Schunemeyer's medical malpractice insurer, Podiatry Insurance Company of America (PICA), as a defendant. Thus, sometimes when we say "Defendant" we are referring to Dr. Schunemeyer and PICA.

Compensation Fund (the PCF) was cast with liability for the remaining $165,000 of Plaintiff's damages. Defendant suspensively appealed[3] and is now before this court asserting that the trial court erred: 1) in granting Plaintiff's motion for additur absent Defendant's consent; 2) in usurping the jury's role of ultimate fact finder and judge of credibility; 3) in failing to award the lowest reasonable amount upon granting Plaintiff's motion for additur; and 4) in choosing which portions of the verdict to accept (liability and special damages) and which to reject (general damages), yet denying Defendant's motion for new trial. For the following reasons, we reverse and remand.

## DISCUSSION

### *Additur*

Louisiana Code of Civil Procedure Article 1814, entitled "Remittitur or additur as alternative to new trial; reformation of verdict," provides as follows:

> If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the issue of quantum is clearly and fairly separable from other issues in the case. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith.

Comment (b) to Article 1814 states that "[i]t serves judicial efficiency by allowing the parties to avoid a possibly unnecessary new trial and then to seek appellate review of the correctness of the judgment reformed by additur or remittitur."

> [T]he jurisprudence is well settled that the Louisiana statutory scheme requires the consent of the party *adversely affected* by an additur or remittitur. That party is offered an opportunity, when asked by the trial judge, to agree to a change in judgment, thereby avoiding the

---

[3] Although the PCF also filed a motion to suspensively appeal from the final judgment rendered in this matter, it did not file an appellate brief in this court.

> expense and delay of a new trial. The order of an additur or remittitur is therefore contingent; if the party does not agree to the change, he elects to submit to a new trial.

*Accardo v. Cenac*, 97-2320, p. 7 (La.App. 1 Cir. 11/6/98), 722 So.2d 302, 306.

Defendant asserted on appeal that additur was improperly granted because she did not consent to it. In her original appellee brief, Plaintiff cited a portion of the trial transcript where she noted that it was Defendant's counsel who "not only consented but actually requested the additur" at the hearing on post-trial motions. In a reply brief, Defendant claimed that the statement upon which Plaintiff relied was "erroneously attributed to Defense counsel." Upon recognition of the error, Defendant filed a motion to correct the appellate record. The motion was granted on April 28, 2014, and a supplemental record was filed in this court containing a corrected copy of the December 21, 2012 transcript to indicate that the request for additur was made by counsel for Plaintiff. Thereafter, Plaintiff filed a supplemental appellee brief wherein she consented to the correction of the appellate record. Nevertheless, citing *Accardo*, Plaintiff contends that this court could find that Defendant did not need to officially accept or reject the additur and that the judgment reformed by the additur is nonetheless properly before this court on appeal.

In *Accardo,* the appellate court noted "that the judgment submitted by the defendant for the signature of the trial court contained the amount of additur, indicating that the defendant was willing to accept the additur rather than face the alternative of having the matter remanded to the trial court for the granting of a new trial." *Id.* at 307. Thus, it found that "the trial court did not act without authority in granting an additur, with the defendant's consent, and in denying plaintiffs' alternative request for a new trial." *Id.*

3

*Accardo* is clearly distinguishable from the instant matter. Here, Defendant filed a motion for new trial after the original judgment was rendered on the jury verdict. In addition, Defendant filed an opposition to Plaintiff's motion for additur and/or new trial, and it argued against the granting of those motions at the December 21, 2012 hearing on post-trial motions. At the conclusion of that hearing, the trial court denied Defendant's motion for new trial and took Plaintiff's motion for additur and/or new trial under advisement. Thereafter, Plaintiff submitted a judgment to the trial court reflecting that Plaintiff's motion for additur was being granted. Counsel for Defendant's signature appeared on that judgment indicating that it had been approved as to form. Because defense counsel consistently maintained his client's opposition to Plaintiff's motion for additur, we conclude that the trial court violated the dictates of La.Code Civ.P. art. 1814 by granting additur in favor of Plaintiff without giving Defendant the option of accepting the reformed judgment or instead choosing to submit to "the expense and delay of a new trial." *Id.* at 306. Accordingly, this matter is remanded to the trial court for Defendant to be given an opportunity to choose a new trial rather than to accept the trial court's proposed additur. As a result, the remainder of Defendant's assignments of error are moot.

### DECREE

For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded to the trial court for Dr. Amy Schunemeyer to be given an opportunity to choose a new trial rather than to accept the trial court's proposed additur. All costs of this appeal are assessed to Elizabeth Falterman.

**REVERSED AND REMANDED.**

4